IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ARTHUR CHARLES GRAHAM,

    Defendant.

No. **3:23-cr-00107-SLG-MMS-1**

CRIMINAL DISCOVERY MANAGEMENT CONFERENCE ORDER

I. Arraignment

    A. Exclusion of Time under the Speedy Trial Act. The Court arraigned Defendant on the Indictment on November 21, 2023. At arraignment, the court found excludable delay for reasonable time to prepare [Dkt. 20]. At the Discovery Management Conference, the court found excludable delay for reasonable time to prepare.

    B. Waiver of Appearance. At the arraignment, the Court advised Defendant of his right to waive personal appearance at all non-essential proceedings, including the Discovery Management Conference. Defendant

        1. ☐ waived

        2. ☒ did not waive

    their personal appearance at future hearings.

II. Meeting of the Parties.

    Based upon information provided to the Court by parties on December 19, 2023, this order regulating the production of discovery is entered pursuant to Fed. R. Crim. P. 16(d) and 16.1(b).

    This order may be modified only for good cause shown and with the

consent of the Court.  See Fed. R. Crim. P. Rule 16(d)(1).  Failure to comply with the discovery rules may result in a continuance, the withholding of evidence, or any other order that is just under the circumstances.  Id. at (2)

III.   Discovery Plan

    A. Timing, Form, and Disclosure Requirements.  Discovery shall be conducted in accordance with Rules 16 and 16.1; any applicable Local Civil Rules; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500, et. seq. (the Jencks Act); and the discovery plan specified in the Discovery Conference Certification, if filed, and Discovery Management Conference, if held, except as otherwise provided below.  Any changes to the parties' discovery obligations that the Court has approved are incorporated in the following paragraphs.  Each party must comply with their discovery obligations and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery.  Unless required in support of a motion or by order of the Court, disclosures and supplemental disclosures are not to be filed with the Court.

    B. Initial Disclosures.

        1. The parties:

            a. ☒ have

            b. ☐ have not

        met and conferred in accordance with the Court's order.

        2. A Motion for a Protective Order:

            a. ☐ has been filed by the government and granted by the Court.

            b. ☒ is not necessary in this case.

        3. The non-expert information required to be produced by the government pursuant to Rule 16(a)(1), Federal Rules of Criminal

Procedure.
   a. ☒ The following discovery has been disclosed by the government:
      i. Approximately 500 items, consisting of:
         1. Messages written by the defendant;
         2. The defendant's audio interview.
   b. ☒ The following discovery will be provided as soon as practicable:
      i. The Cellebrite report;
      ii. Body camera footage.
4. The non-expert information required to be produced by the defense pursuant to Rule 16(b)(1), Federal Rules of Criminal Procedure:
   a. ☐ has been disclosed by the defense.
   b. ☐ shall be provided by the government on or before _____.
   c. ☒ There is no defense discovery to be produced at this time.
5. Expert witness disclosures required to be produced by both parties pursuant to Rule 16(a)(1)(G) and (b)(1)(C):
   a. ☐ have been disclosed.
   b. ☒ shall be provided in accordance with the District Court's Trial Scheduling Order.
6. Exculpatory and Impeachment Materials:
   a. ☒ have been disclosed by the government.
   b. ☐ shall be provided on or before a date to be agreed upon by the parties.
7. Jencks Act Materials. The parties are encouraged to provide reciprocal Jencks Act disclosures sufficiently early to permit effective preparation by the receiving party. The exception is when the Jencks

material reveals the identity and statements of confidential informants and witnesses who would be placed in danger by the disclosure. When an articulable safety concern exists, the Government shall notify opposing counsel and the Court that production of that witness statement will be delayed until shortly before trial or after the witness testifies. Jencks Act materials:

    a. ☐ have been provided by the government, in part. If generated, the Court encourages the government to provide additional materials prior to the scheduled trial date.

    b. ☒ are encouraged to be provided on or before 14 days prior to the scheduled trial date.

    c. ☐ will not be provided prior to trial due to the government's concerns for witness safety.

C. Preservation of Discovery, Including Electronically Stored Information (ESI).

    3. ☒ No issues have been reported as regards disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced.

    4. ☐ The parties shall proceed as they have proposed with respect to the production of ESI.

    5. Preservation of non-ESI Discovery:

        a. ☒ There is no indication this will be an issue.

        b. ☐ The parties may proceed as they have proposed.

D. Claims of Privilege or Protection of Attorney Work Product. Claims of privilege or protection of trial preparation materials shall be handled as follows:

    1. ☒ There is no indication that this will be an issue.

    2. ☐ The parties have entered a Protective Order regulating the

Order – Discovery Management  4
*United States v. Graham*
3:23-cr-00107-SLG-MMS-1
Case 3:23-cr-00107-SLG-MMS   Document 27   Filed 12/27/23   Page 4 of 6

review and disclosure of privileged and protected materials.

  3. ☐ The parties shall submit their proposed Protective Order regulating the review and disclosure of privileged and protected materials on or before as soon as practical.

 E. Limitations on Discovery.

  The following limitations on discovery are imposed:

  1. ☒ There are no limitations on discovery at this time except as described herein.

  2. ☐ Other limitations as follows:

 F. Ongoing Discovery Management Conferences.

  The parties:

   1. ☐ request

   2. ☒ do not request

ongoing discovery management conferences to be held in this matter. (If the parties request ongoing Discovery Management Conferences, the court will schedule those conferences in accordance with the parties' request or as deemed necessary by the Court.)

IV. Other Provisions.

 A. Discovery Disputes.

No later than five (5) business days after the production of discovery, the receiving party for discovery shall notify the producing party of any problems relating to the materials produced, to include any issues the party has accessing the data produced. The notice shall be in writing.

If the parties have been unable to resolve any disagreements about the timing of production, the materials to be produced, or access issues, the complaining party shall timely file a motion to compel and request for a hearing. The motion shall include information about steps the complaining party has taken to resolve the issue prior to filing. The Court will consider only matters which the

parties have previously discussed and been unable to resolve, or matters raised sua sponte by the Court.

B. Ongoing Discovery Obligation.

The parties shall adhere to the continuing duty to supplement or correct their disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G)(vi) and (b)(1)(C)(vi).

IT IS SO ORDERED.

DATED this 19th of December 2023, at Anchorage, Alaska.

*s/* Matthew M. Scoble
MATTHEW M. SCOBLE
United States Magistrate Judge
District of Alaska